# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:18-CV-007-RJC-DCK

| | |
|---|---|
| MANUEL GARCIA ZAPATA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>LYFT, INC., )<br>)<br>Defendant. )<br>) | ORDER |

**THIS MATTER IS BEFORE THE COURT** on "Defendant's Motion To Dismiss" (Document No. 7). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and is now ripe for disposition. Having carefully considered the arguments, the record, and the applicable authority, the undersigned will direct that the motion be <u>denied</u>.

## I. BACKGROUND

*Pro se* Plaintiff Manuel Garcia Zapata ("Plaintiff" or "Zapata") initiated this action with the filing of a form "Complaint" (Document No. 1-1, pp. 2-4) in the Superior Court of Mecklenburg County, North Carolina on November 22, 2017. The Complaint identifies Lyft Transportation Network Company as Defendant. (Document No. 1-1, p. 2). Plaintiff alleges wrongful acts by Defendant including: "Defamation of character;" "Unfairly Trained by the Company, Correspondence made Public" and "the claim against me affects my integrity and my political asylum." <u>Id.</u> The Complaint seeks an award of $200,000.00. (Document No. 1-1, p. 3).

Defendant Lyft, Inc. ("Lyft" or "Defendant") filed a "Notice Of Removal" (Document No. 1) with this Court on January 4, 2018. Lyft contends that removal is appropriate based on diversity

jurisdiction. (Document No. 1, p. 2). Lyft also notes that it has been incorrectly named in the Complaint. (Document No. 1, p. 1).

On January 31, 2018, Lyft filed the pending "Defendant's Motion To Dismiss" (Document No. 7) and a "…Memorandum in Support…" (Document No. 8). Lyft seeks dismissal pursuant to Fed.R.Civ.P. 12(b)(2), (4), (5), and (6). In short, Defendant contends that the Complaint has never been properly served, and that it is completely devoid of *any* factual content supporting the alleged claims. Id.

Plaintiff failed to file a timely response to the motion to dismiss; however, the Court issued an "Order" (Document No. 7) pursuant to Roseboro v. Garrison on March 8, 2018, and advised Plaintiff that he had a right to respond to the motion to dismiss and that failure to respond would likely lead to dismissal of his lawsuit. Plaintiff's deadline to respond was re-set to March 23, 2018. (Document No. 9). On March 22, 2018, Plaintiff timely requested an extension of time. (Document No. 10). The deadline to respond to the motion to dismiss was then re-set to April 6, 2018. (Document No. 11).

On April 6, 2018, Plaintiff filed a document captioned as a "Complaint," which asserted in the first line that "It is by respond of "Defendant's Motion to Dis[mi]ss", (Document No.7)." (Document No. 12). The Clerk's Office has construed this filing as a response to the motion to dismiss; however, the undersigned is inclined to find that Plaintiff intended to file an Amended Complaint. See (Document No. 12). Plaintiff's second "Complaint" is remarkably similar to the original Complaint (Document No. 1-1, pp. 2-4) and seems to assert a new claim for "psychological damage." (Document No. 12, p. 2). In addition, Plaintiff has revised, but reduced, his demand for damages – to $75,000.00. (Document No. 12, p. 3).

In reply, Defendant notes that Plaintiff's response "wholly fails to address any arguments, both procedural and substantive, made in support of Lyft's Motion to Dismiss." (Document No. 14, p. 1) (citing Document Nos. 8 and 12). Defendant goes on to assert that if the Court considers Plaintiff's filing to be an Amended Complaint, it does not adequately address the deficiencies Defendant has already identified – it still has not been properly served and still does not include any factual support. (Document No. 14, pp. 1-2). Defendant concludes that the amendment is futile, and therefore, dismissal is required. (Document No. 14, p. 2).

## II. STANDARD OF REVIEW

A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) tests the "legal sufficiency of the complaint" but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992); Eastern Shore Markets, Inc. v. J.D. Assoc. Ltd. Partnership, 213 F.3d 175, 180 (4th Cir. 2000). A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 697 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also, Robinson v. American Honda Motor Co., Inc., 551 F.3d 218, 222 (4th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

The Supreme Court has also opined that

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the ... claim is and the

3

> grounds upon which it rests.'" In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint.

Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (quoting Twombly, 550 U.S. at 555-56).

Federal Rule of Civil Procedure 15 applies to the amendment of pleadings and allows a party to amend once as a matter of course within 21 days after serving, or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed.R.Civ.P. 15(a)(1). Rule 15 further provides:

> **(2) Other Amendments.** In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed.R.Civ.P. 15(a)(2).

Under Rule 15, a "motion to amend should be denied only where it would be prejudicial, there has been bad faith, or the amendment would be futile." Nourison Rug Corporation v. Parvizian, 535 F.3d 295, 298 (4th Cir. 2008) (citing HCMF Corp. v. Allen, 238 F.3d 273, 276-77 (4th Cir. 2001)); see also, Foman v. Davis, 371 U.S. 178, 182 (1962). However, "the grant or denial of an opportunity to amend is within the discretion of the District Court." Pittston Co. v. U.S., 199 F.3d 694, 705 (4th Cir. 1999) (quoting Foman, 371 U.S. at 182).

"Although for the purposes of this motion to dismiss we must take all the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). The court "should view the complaint in the light most favorable to the plaintiff." Mylan Labs, Inc. v. Matkar, 7 F.3d 1130, 1134 (4th Cir. 1993).

## III.  DISCUSSION

The undersigned finds that this matter presents a close call.  Defendant's arguments are compelling and well-supported by legal authority.  (Document Nos. 7, 8, and 14).  However, as noted above, the undersigned is inclined to find that instead of filing a response to the pending motion, *pro se* Plaintiff intended to file an Amended Complaint.  (Document No. 12).

It is well settled that a timely-filed amended pleading supersedes the original pleading, and that motions directed at superseded pleadings may be denied as moot.  Young v. City of Mount Ranier, 238 F.3d 567, 573 (4th Cir. 2001) ("The general rule ... is that an amended pleading supersedes the original pleading, rendering the original pleading of no effect."); see also, Fawzy v. Wauquiez Boats SNC, 873 F.3d 451, 455 (4th Cir. 2017) ("Because a properly filed amended complaint supersedes the original one and becomes the operative complaint in the case, it renders the original complaint 'of no effect.'")

In this instance, the undersigned agrees that the second "Complaint" (Document No. 12) is also defective for the reasons argued by Defendant.  See (Document No. 14).  Nevertheless, the undersigned finds that the pending motion to dismiss must be denied as moot.  Even if the Court did not construe the Plaintiff's filing as an Amended Complaint, the undersigned would most likely allow the *pro se* Plaintiff an opportunity to amend.  And, although Plaintiff has arguably already filed an Amended Complaint, in the best interests of justice and efficient case management, the Court will allow Plaintiff one *final* opportunity to amend.

If Plaintiff intends to pursue this action, he must do so in accordance with the Federal Rules of Civil Procedure and the Local Rules of this Court.  Plaintiff is respectfully advised that Defendant has presented strong and compelling arguments for dismissal of this action and unless

Plaintiff is able to timely file and properly serve a Second Amended Complaint that complies with the Rules and provides adequate factual support, this action will most likely be dismissed.

## IV.  CONCLUSION

**IT IS, THEREFORE, ORDERED** that "Defendant's Motion To Dismiss" (Document No. 7) is **DENIED AS MOOT**.  This Order is without prejudice to Defendant filing a renewed motion to dismiss a Second Amended Complaint, or for dismissal if Plaintiff fails to timely file a Second Amended Complaint.

**IT IS FURTHER ORDERED** that *pro se* Plaintiff shall file a Second Amended Complaint on or before **August 17, 2018**.

The Clerk of Court is directed to send a copy of this Order to the *pro se* Plaintiff by certified U.S. mail, return receipt requested.

**SO ORDERED**.

Signed: July 27, 2018

David C. Keesler
United States Magistrate Judge