IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:18-CV-007-RJC-DCK

| | |
|---|---|
| MANUEL GARCIA ZAPATA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>LYFT, INC., )<br>)<br>Defendant. )<br>) | MEMORANDUM AND<br><u>RECOMMENDATION</u> |

**THIS MATTER IS BEFORE THE COURT** on "Defendant's Memorandum In Support Of Renewed Motion To Dismiss" (Document No. 17). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b) and is now ripe for disposition. Having carefully considered the arguments, the record, and the applicable authority, the undersigned will respectfully recommend that the motion be <u>granted</u>.

## I. BACKGROUND

*Pro se* Plaintiff Manuel Garcia Zapata ("Plaintiff" or "Zapata") initiated this action with the filing of a form "Complaint" (Document No. 1-1, pp. 2-4) in the Superior Court of Mecklenburg County, North Carolina on November 22, 2017. The Complaint identifies Lyft Transportation Network Company as Defendant. (Document No. 1-1, p. 2). Plaintiff alleges wrongful acts by Defendant, including: "Defamation of character;" "Unfairly Trained by the Company, Correspondence made Public;" and "the claim against me affects my integrity and my political asylum." Id. The Complaint seeks an award of $200,000.00. (Document No. 1-1, p. 3).

Defendant Lyft, Inc. ("Lyft" or "Defendant") filed a "Notice Of Removal" (Document No. 1) with this Court on January 4, 2018. Lyft contends that removal is appropriate based on diversity

jurisdiction. (Document No. 1, p. 2). Lyft further contends that it has been incorrectly named in the Complaint. (Document No. 1, p. 1).

Defendant first filed a "… Motion To Dismiss" (Document No. 7) on January 31, 2018. Then on April 6, 2018, Plaintiff filed a document that the undersigned construed as an "Amended Complaint." See (Document Nos. 12, 15). As such, the undersigned ordered that "Defendant's Motion To Dismiss" (Document No. 7) be denied as moot. Id.

The undersigned noted that the "Amended Complaint" (Document No. 12) was also defective, but allowed *pro se* Plaintiff one final opportunity to amend and ordered him to file a Second Amended Complaint on or before August 17, 2018. (Document No. 15). The Court specifically stated: "Plaintiff is respectfully advised that Defendant has presented strong and compelling arguments for dismissal of this action and unless Plaintiff is able to timely file and properly serve a Second Amended Complaint that complies with the Rules and provides adequate factual support, this action will most likely be dismissed." Id. Although Mr. Zapata received the Court's "Order" (Document No. 15) on July 28, 2018, he declined to file a Second Amended Complaint. See (Document No. 16).

On September 26, 2018, Lyft filed a renewed "Defendant's Memorandum In Support Of Renewed Motion To Dismiss …" (Document No. 17) and a "…Memorandum in Support…" (Document No. 18). Lyft again seeks dismissal pursuant to Fed.R.Civ.P. 12(b)(2), (4), (5), and (6). Defendant contends that the Complaint(s) have never been properly served, and suggests that they are completely devoid of *any* factual content supporting the alleged claims. Id.

The Court issued an "Order" (Document No. 19) pursuant to Roseboro v. Garrison on September 27, 2018, and again advised Plaintiff that he had a right to respond to the motion to dismiss and that failure to respond would likely lead to dismissal of his lawsuit. Plaintiff's deadline

to respond was set for October 10, 2018. (Document No. 19). Plaintiff filed an "Order" (Document No. 20), which the Court construes as his "Response" to Defendant's Motion to Dismiss on October 11, 2018. The response fails to address Defendant's arguments or legal authority and fails to provide any additional factual content to support a plausible claim. (Document No. 20).

In reply, Defendant notes that Plaintiff's response "does not remedy any of the deficiencies that deprive this court of jurisdiction to hear his claims." (Document No. 21, p. 1). Defendant concludes that "Plaintiff has been given more than sufficient opportunity to try and cure those defects," and "despite being expressly encouraged to do so by the court, Plaintiff has chosen not to file a Second Amended Complaint or to effect proper process or service of process" on Lyft. (Document No. 21, p. 1).

The pending motion has been fully briefed and is ripe for review and a recommendation to the Honorable Robert J. Conrad, Jr. See (Document Nos. 17, 18, 20, and 21).

## II. STANDARD OF REVIEW

A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) tests the "legal sufficiency of the complaint" but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992); Eastern Shore Markets, Inc. v. J.D. Assoc. Ltd. Partnership, 213 F.3d 175, 180 (4th Cir. 2000). A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 697 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also, Robinson v. American Honda Motor Co., Inc., 551 F.3d 218, 222 (4th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

The Supreme Court has also opined that

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint.

Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (quoting Twombly, 550 U.S. at 555-56).

"Although for the purposes of this motion to dismiss we must take all the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). The court "should view the complaint in the light most favorable to the plaintiff." Mylan Labs, Inc. v. Matkar, 7 F.3d 1130, 1134 (4th Cir. 1993).

### III. DISCUSSION

Even liberally construing *pro se* Plaintiff's Complaint(s) (Document Nos. 1-1 and 12) together, the undersigned finds that Plaintiff's allegations are fatally deficient pursuant to Fed.R.Civ.P. 12(b)(6) because they do not include "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 697 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). Moreover, Defendant presents compelling arguments that dismissal is appropriate because: (1) Plaintiff has failed to effect process and service of process for the Complaint, Amended Complaint, or summons on Lyft; Plaintiff's defective service defeats this Court's jurisdiction even if Defendant had actual notice of the proceedings; and none of

4

Plaintiff's purported claims pleads a legally cognizable cause of action. (Document No. 18); see also (Document No. 21).

As noted above, and by Defendant, the Court *sua sponte* allowed *pro se* Plaintiff an additional opportunity to amend and serve his pleading, which he has declined to do. Id.

Based on Defendant's persuasive arguments and cited authority, the undersigned will recommend that the motion to dismiss be granted. The Complaint(s) fail to provide any factual content to support a plausible claim. As such, Plaintiff fails to "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (quoting Twombly, 550 U.S. at 555-56).

## IV. RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that "Defendant's Memorandum In Support Of Renewed Motion To Dismiss" (Document No. 17) be **GRANTED**.

## V. TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within **fourteen (14) days** of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenhour, 889

5

Case 3:18-cv-00007-RJC-DCK   Document 22   Filed 11/15/18   Page 5 of 6

F.2d 1363, 1365 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

The Clerk of Court is directed to send a copy of this Order to the *pro se* Plaintiff by certified U.S. mail, return receipt requested.

**IT IS SO RECOMMENDED**.

Signed: November 15, 2018

David C. Keesler
United States Magistrate Judge

6

Case 3:18-cv-00007-RJC-DCK    Document 22    Filed 11/15/18    Page 6 of 6